United States District Court
Northern District of California

1
2
3     **UNITED STATES DISTRICT COURT**
4     **NORTHERN DISTRICT OF CALIFORNIA**
5     **SAN JOSE DIVISION**
6
7  STIRLING ENGINEERING, INC,                Case No. 19-cv-07006-BLF
8       Plaintiff,
9       v.                                   **ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT JUDGMENT BY THE CLERK OF THE COURT WITHOUT PREJUDICE**
10  ALFRED ISAIAH ROBISON,
11      Defendant.                           [Re: ECF 29]
12
13      Plaintiff Stirling Engineering, Inc. alleges that Defendant Alfred Robison Jr., defaulted on a
14  promissory note. *See generally* Complaint ("Compl."), ECF 1. Defendant has not appeared in this
15  action. Before the Court is Plaintiff's Request for Default Judgment. *See generally* Plaintiff's
16  Request for Entry of Default Judgment by the Clerk of the Court [FRCP Rule 55(b)(1)] ("Request"),
17  ECF 29. For the reasons stated below, Plaintiff's Request is DENIED WITHOUT PREJUDICE.
18  **I.   BACKGROUND**
19      On September 21, 2017, Plaintiff Stirling Engineering, Inc. of San Jose, CA entered into a
20  business relationship with Defendant Alfred Robison Jr. of Wichita, Kansas to process credit card
21  transactions. Compl. at 1. Defendant represented to Plaintiff that he was in the beverage distribution
22  business selling excess beverage inventory to individuals for resale. *Id.* The parties' agreement was
23  that 90% of the amount from the transactions were advanced to Defendant upon the credit card
24  approval, 4% went to merchant fees, and Plaintiff was to receive a 6% commission. *Id.* When
25  Defendant failed to provide proof or delivery, however, several transactions were not processed and
26  the purchasers were refunded – leaving Plaintiff out of the funds it had advanced to Defendant. *Id.*
27
28

¶¶ 2-6. To settle his debt, Defendant executed a promissory note on January 16, 2018[1], for $58,000, where Defendant promised to make monthly payments of $680. *Id. ¶* 5, Exh. A., ECF 1-1. After four more transactions fell through, Plaintiff's total loss was increased to $73,800. *Id.* ¶ 6. As a result, the parties executed a second promissory note on January 28, 2018 (the "Note") – superseding the first promissory note – for $73,800, in which Defendant agreed to make monthly payments of $790.58. *Id.* ¶ 6, Exh. B, ECF 1-1.

In the following months, Defendant made six payments. *See* Compl. ¶¶ 7 (four payments between January 15, 2018 and April 15, 2018), 8 (one payment on August 20, 2018), 9 (one payment around October 30, 2018). After many attempts for collection failed, Plaintiff filed this suit on October 25, 2019 and asserted three causes of action: (1) breach of contract, (2) breach of promissory note, and (3) fraudulent business practices. *See* Compl. ¶¶ 16-21. Plaintiff seeks to recover: (1) compensatory damages, (2) punitive damages, and (3) costs of suit. *See* Compl. at 5. On November 14, 2019, Plaintiff served Defendant with the Complaint. ECF 7. Plaintiff, an incorporated entity, filed its complaint *pro se*, in violation of Local Rule 3-9(b). *See* Compl. After the Court ordered Plaintiff to show cause why the case should not be dismissed, Plaintiff retained counsel. *See* ECF 13, ECF 19. On April 10, 2020, the Court granted Plaintiff's motion to correct Defendant's name to Alfred Isiah Robison Jr., also known as Alfred I. Robison Jr., Al Robison, and Al Robinson. ECF 26.

When Defendant failed to appear in this case, Plaintiff moved and the Clerk of the Court entered default against Defendant. ECF 28. Plaintiff now moves for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1) seeking (1) $68,420 (per the Note) and (2) $4,750 for attorneys' fees and costs. Request at 2. Plaintiff argues that because it seeks "a sum certain or a sum that can be made certain by computation," Rule 55(b)(1) applies and the Clerk must enter judgment. *Id.*

---

[1] In the Complaint, Plaintiff incorrectly alleges that Defendant signed the $58,000 promissory note on January 28, 2018. *Compare* Compl. ¶ 6 *with* Compl. Exh. A ¶ 17.

## II. DISCUSSION

### A. Plaintiff's Claims Are Not for a Sum Certain

Plaintiff brings its Request pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, which provides that "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). "[T]he cases discussing the sum certain requirement of Rule 55 are few and far between and rather exiguous in their reasoning." *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 928 (9th Cir. 2004) (quoting *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19 n. 7 (1st Cir. 2003)). But the Ninth Circuit has held that a claim is for a sum certain where "no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Franchise Holding*, 375 F.3d at 928–29 (9th Cir. 2004).

A plaintiff's request meets the criteria for a sum certain where plaintiff provides "loan documents that set forth the specific formulas for determining the amount owed" and "provide[s] documents setting forth the various amounts necessary for calculating the total amount due." *Franchise Holding*, 375 F.3d at 929. On the other hand, inconsistencies in a plaintiff's filings may create doubt sufficient to conclude that the request is not for a sum certain. *See id.* Similarly, claims that involve a party's estimation of damages or a contract that lacks an express formula to calculate damages are not for a sum certain. *VFS Leasing Co. v. USASIA Casino Tours/Entm't, Inc.*, No. 14-CV-02941-SC, 2015 WL 82716, at *2 (N.D. Cal. Jan. 6, 2015).

Here, Plaintiff's claim is not for a sum certain for two reasons. First, while the Note sets out the total amount due to Plaintiff in January 2018, Plaintiff alleges that Defendant made *some* payments (reducing the amount due) – but Plaintiff's filings regarding the amount paid are inconsistent. In the Complaint, Plaintiff does not specify the amount of payments it received but alleges that the payments "were made as ***per the promissory note***." Compl. ¶ 7 (emphasis added). The Note specified the monthly installments in the amount of $790.58. Compl. Exh. B ¶ 1. In the declaration accompanying the Request, however, Plaintiff's Chief Executive Officer, Greg Stirling,

1    states that Defendant made six payments of $680 and two payment of $650 totaling $5,380 – not
2    $790.58 payments per the Note. *See* Declaration of Greg Stirling in Support of Entry of Default
3    Judgment ("Stirling Decl.") ¶ 14.  Plaintiff has failed to provide any documentation (*e.g.*, bank
4    statements or cancelled checks) to establish the amount it received.  Accordingly, the Court cannot
5    determine the amount owed with certainty.  Second, Plaintiff seeks attorneys' fees and costs, which
6    must be evaluated for reasonableness by the Court and briefed in accordance with this Court's
7    Standing Order Re Civil Cases.
8    　　　Accordingly, the Court finds that Plaintiff's Request for Default Judgment under Rule
9    55(b)(1) is improper and DENIES the Request.  This ruling is without prejudice to Plaintiff bringing
10   a proper motion for default judgment under Rule 55(b)(2).

**B.   Jurisdiction**

When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has the affirmative duty to determine whether it has jurisdiction over the subject matter and the parties.  *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  Having reviewed Plaintiff's Complaint, Request, and Mr. Stirling's Declaration, the Court notes that if Plaintiff brings another motion for default judgment, it must provide briefing that establishes the basis for this Court's subject matter and personal jurisdiction.

First, the Complaint has no specific allegations as to the question of subject matter jurisdiction.  The causes of action are not based on federal law. And while the Complaint alleges diversity of citizenship (Plaintiff is a California corporation and Defendant is a resident of Wichita, Kansas), it is unclear as to whether the amount-in-controversy requirement for diversity jurisdiction pursuant to 28 U.S.C. § 1332 is met.  Specifically, Plaintiff seeks to recover a total sum of $73,735, under the $75,000 jurisdictional threshold.  *See* request at 2.

Second, the Complaint alleges that Defendant is from Wichita, Kansas and the promissory notes – which are the basis for Plaintiff's claims – are titled "Kansas Standard Promissory Note." *See* Compl. at 1; Exhs. A and B.  The Note (*i.e.*, the January 28, 2018 promissory note that Plaintiff seeks to collect on) provides that the note is governed under the laws in the state of Iowa.  Compl. Exh. B ¶ 15.  Finally, Defendant was served in Wichita, Kansas. ECF 7.  The basis for the Court's

exercise of personal jurisdiction over the out-of-state Defendant is thus unclear.

### III. ORDER

For the foregoing reasons, Plaintiff's Request for Default Judgment is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: May 1, 2020

_____
BETH LABSON FREEMAN
United States District Judge